**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | | |
|---|---|---|
| **LARA CORNNOR** | * | **CIVIL ACTION** |
| **Plaintiff** | * | **NO: 3:26-cv-00592-TAD-KDM** |
| **Versus** | * | |
| **THE PRUDENTIAL INSURANCE** | * | **JUDGE: Terry A Doughty** |
| **COMPANY OF AMERICA** | * | |
| **Defendant** | * | **MAGISTRATE: Kayla D McClusky** |

**PLAINTIFF'S ANSWER TO COUNTERCLAIMS**

Plaintiff / Counter-Defendant Lara Cornnor ("Cornnor"), through undersigned counsel, answers the Counterclaims filed by Defendant / Counter-Plaintiff The Prudential Insurance Company of America ("Prudential") as follows:

**ANSWER TO JURISDICTIONAL ALLEGATIONS**

1. Cornnor admits that her claim for long-term disability benefits arises under ERISA and that this Court has subject matter jurisdiction over her claim. The remaining allegations of Paragraph 1 consist of legal conclusions to which no response is required.

2. Cornnor admits that Prudential asserts counterclaims relating to the same long-term disability claim and plan involved in this litigation. Cornnor denies that Prudential is entitled to any recovery from her. The remaining allegations of Paragraph 2 state legal conclusions to which no response is required.

3. Cornnor admits that Prudential pleads a breach-of-contract counterclaim in the alternative. Cornnor denies that Prudential is entitled to recover under that theory. The remaining allegations of Paragraph 3 state legal conclusions to which no response is required.

1

4.      The allegations of Paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, they are denied.

5.      The allegations of Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, they are denied.

6.      Cornnor admits that the Court has not dismissed her ERISA claims. Cornnor denies any remaining allegations in Paragraph 6.

7.      The allegations of Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, they are denied.

## ANSWER TO VENUE ALLEGATION

8.      Cornnor admits that venue is proper in this Court for purposes of her claim for benefits. Cornnor denies that Prudential's counterclaims are meritorious or that Prudential is entitled to the relief requested. The remaining allegations of Paragraph 8 state legal conclusions to which no response is required.

## ANSWER TO FACTUAL ALLEGATIONS

9.      Cornnor admits that she participated in an employee welfare benefit plan sponsored by JPMorgan Chase Bank, N.A. Cornnor further admits that the plan is governed by ERISA. Cornnor denies any remaining allegations in Paragraph 9.

10.      Cornnor admits that Prudential paid her long-term disability benefits for a period of time. Cornnor denies that Prudential lawfully or properly terminated those benefits. Cornnor denies any remaining allegations in Paragraph 10.

11.      Cornnor admits that Prudential issued a group long-term disability policy to JPMorgan Chase Bank, N.A. Cornnor denies any remaining allegations in Paragraph 11.

12.    Cornnor admits that Prudential administered certain LTD claims under the plan and made claim determinations concerning her claim. Cornnor denies that Prudential is entitled to recover any amount from her. Cornnor denies any remaining allegations in Paragraph 12.

13.    Cornnor admits that the plan documents contain provisions addressing deductible sources of income. The plan documents speak for themselves and are the best evidence of their contents. Cornnor denies Prudential's characterization of those provisions to the extent it is incomplete, inaccurate, or asserted as a basis for the relief sought.

14.    Cornnor admits that she signed a reimbursement agreement dated October 10, 2022. The agreement, if enforceable, speaks for itself and is the best evidence of its contents. Cornnor denies Prudential's characterization of the document to the extent it is incomplete, inaccurate, or asserted as a basis for the relief sought.

15.    Cornnor admits that the plan documents contain language addressing overpayments. The plan documents speak for themselves and are the best evidence of their contents. Cornnor denies that Prudential is entitled to recover the amount demanded and denies any remaining allegations in Paragraph 15.

16.    Cornnor admits that she received Social Security disability benefits. Cornnor is without sufficient knowledge or information to admit the precise amount, allocation, covered period, or proper effect of any Social Security award on Prudential's alleged overpayment calculation, and therefore denies the remaining allegations in Paragraph 16.

17.    Cornnor admits that Prudential paid LTD benefits for a period of time. Cornnor denies that Prudential correctly calculated any alleged offset, deduction, or overpayment. Cornnor denies the remaining allegations in Paragraph 17.

18.    Cornnor denies that she was overpaid $20,408.76. Cornnor denies that Prudential has correctly calculated the alleged overpayment. Cornnor further denies that Prudential conferred a recoverable benefit upon her in the amount claimed. The remaining allegations of Paragraph 18 are denied.

19.    Cornnor admits that she has not paid Prudential the sum Prudential demands. Cornnor denies that Prudential is entitled to that sum. The remaining allegations of Paragraph 19 are denied.

20.    Cornnor denies the allegations of Paragraph 20.

21.    Cornnor denies the allegations of Paragraph 21.

22.    Cornnor denies the allegations of Paragraph 22.

## ANSWER TO FIRST CLAIM FOR RELIEF

23.    Cornnor incorporates her responses to Paragraphs 1 through 22 as if set forth fully herein.

24.    Cornnor admits that Prudential attempts to assert a claim under 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109. Cornnor denies that Prudential has stated a viable claim against her under those provisions. Cornnor denies all remaining allegations in Paragraph 24.

25.    Cornnor denies the allegations of Paragraph 25.

26.    Cornnor denies the allegations of Paragraph 26.

27.    Cornnor denies the allegations of Paragraph 27.

28.    Cornnor denies the allegations of Paragraph 28.

29.    Cornnor denies the allegations of Paragraph 29.

30.    Cornnor denies the allegations of Paragraph 30.

31.     Cornnor admits that Prudential has retained counsel. Cornnor denies that Prudential is entitled to recover attorneys' fees, costs, or any other relief from her. The remaining allegations of Paragraph 31 are denied.

<u>**ANSWER TO SECOND CLAIM FOR RELIEF**</u>

32.     Cornnor incorporates her responses to Paragraphs 1 through 31 as if set forth fully herein.

33.     Cornnor admits that Prudential pleads an alternative claim under 29 U.S.C. § 1132(a)(3). Cornnor denies that Prudential is entitled to equitable relief against her. Cornnor denies all remaining allegations in Paragraph 33.

34.     Cornnor denies the allegations of Paragraph 34.

35.     Cornnor denies the allegations of Paragraph 35.

36.     Cornnor denies the allegations of Paragraph 36.

37.     Cornnor denies the allegations of Paragraph 37.

38.     Cornnor denies the allegations of Paragraph 38.

39.     Cornnor denies the allegations of Paragraph 39.

40.     Cornnor admits that Prudential has retained counsel. Cornnor denies that Prudential is entitled to recover attorneys' fees, costs, or any other relief from her. The remaining allegations of Paragraph 40 are denied.

<u>**ANSWER TO THIRD CLAIM FOR RELIEF**</u>

41.     Cornnor incorporates her responses to Paragraphs 1 through 40 as if set forth fully herein.

42.     Cornnor admits that Prudential pleads an alternative claim for breach of contract.

Cornnor denies that Prudential is entitled to recover on that claim. Cornnor denies any remaining allegations in Paragraph 42.

43.     Cornnor admits she signed a reimbursement agreement. The agreement, if enforceable, speaks for itself and is the best evidence of its contents. Cornnor denies that Prudential is entitled to recover the amount demanded. Cornnor denies the remaining allegations of Paragraph 43.

44.     Cornnor denies the allegations of Paragraph 44.

45.     Cornnor denies the allegations of Paragraph 45.

46.     Cornnor denies the allegations of Paragraph 46.

## ANSWER TO PRAYER FOR RELIEF

Cornnor denies that Prudential is entitled to judgment on any counterclaim. Cornnor denies that Prudential is entitled to recover $20,408.76, interest, earnings, attorneys' fees, costs, or any other relief. Cornnor further denies all allegations in Prudential's prayer for relief not expressly admitted above.

## AFFIRMATIVE DEFENSES

Cornnor asserts the following defenses without assuming any burden of proof that would otherwise rest with Prudential:

1.     Prudential's counterclaims fail to state a claim upon which relief can be granted.

2.     Prudential cannot establish that the alleged overpayment constituted plan assets under Cornnor's control.

3.     Prudential's claim under 29 U.S.C. § 1132(a)(2) fails because Cornnor owed no fiduciary duty to the plan with respect to the alleged overpayment.

4.    Prudential's claim under 29 U.S.C. § 1132(a)(3) fails to the extent it seeks legal damages rather than relief that is equitable in nature.

5.    Prudential's claim under 29 U.S.C. § 1132(a)(3) fails unless Prudential can identify a specifically traceable fund or asset in Cornnor's possession.

6.    Prudential has not established the amount, period, source, calculation, or recoverability of the alleged overpayment.

7.    Prudential's recovery, if any, must be reduced by any benefits owed to Cornnor under the plan.

8.    Prudential's recovery, if any, must be reduced or barred by all applicable credits, offsets, deductions, expenses, limitations, exclusions, attorney-fee withholdings, and other adjustments required by the plan, the alleged reimbursement agreement, ERISA, or other applicable law.

9.    Prudential's counterclaims are barred or reduced by Prudential's own claim-handling conduct, including its wrongful termination of Cornnor's LTD benefits.

10.    Prudential's claims are barred or limited by waiver, estoppel, laches, unclean hands, and failure of conditions precedent.

11.    Prudential is not entitled to attorneys' fees or costs.

12.    Prudential's alternative state-law breach-of-contract claim is preempted, displaced, or otherwise limited by ERISA to the extent it seeks relief outside ERISA's exclusive civil-enforcement scheme.

13.    Prudential's alleged contractual claim is barred or limited to the extent the alleged reimbursement agreement is invalid, unenforceable, incomplete, unsupported by consideration, inconsistent with the plan, or otherwise unavailable under the governing law.

14.    Prudential's counterclaims are barred or limited to the extent Prudential failed to exhaust, comply with the plan, provide required information, or satisfy any procedural requirement necessary to recover the alleged overpayment.

15.    Cornnor reserves the right to amend this Answer and assert additional defenses as appropriate, including after review of the complete administrative record, plan documents, reimbursement agreement, Social Security award materials, and Prudential's overpayment calculation.

WHEREFORE, Plaintiff / Counter-Defendant Lara Cornnor respectfully requests that Prudential's counterclaims be dismissed with prejudice, that Prudential take nothing on its counterclaims, that Cornnor be awarded all benefits and other relief due under the plan and ERISA, together with attorneys' fees, costs, interest, and all other relief to which she is entitled, and for all general and equitable relief.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.

DAVID C. PELLEGRIN, T.A. (La Bar # 34957)
3500 North Hullen Street
Suite 17D
Metairie, LA 70002
email: dpellegrin@pellegrinfirm.com
phone: 504-405-3245
fax: 1-866-651-8738
Attorney for Plaintiff Lara Cornnor